UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

----------------------------------------------------------------------- x

| | |
|---|---|
| AMAZON SERVICES LLC, | : |
| | : |
| Petitioner, | : No. 1:18-cv-02509 |
| | : |
| - against - | : **AMAZON SERVICES LLC'S** |
| | : **PETITION TO CONFIRM** |
| TECHFRYS CORPORATION d/b/a CALL OF DEALS, | : **ARBITRATION AWARD** |
| | : |
| Respondent. | : |

----------------------------------------------------------------------- x

Petitioner Amazon Services LLC ("Amazon") submits this Petition to Confirm Arbitration Award against Respondent Call of Deals, Inc., stating as follows:

## I.   PRELIMINARY STATEMENT

1.   Amazon seeks an order from this Court pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, confirming the American Arbitration Association arbitration award signed by Arbitrator Billie Colombaro on November 28, 2017 (the "Award"), and entry of judgment thereon pursuant to 9 U.S.C. § 13.

## II.   THE PARTIES

2.   Petitioner Amazon Services LLC is a Nevada limited liability company with its principal place of business in Seattle, Washington.

3.   Respondent Techfrys Corporation d/b/a Call of Deals ("COD") is a New York private company with its principal place of business in Cheektowaga, New York.

## III.   JURISDICTION AND VENUE

4.   This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) because the amount in controversy exceeds the jurisdictional amount of $75,000.00 and this action arises

between "citizens of a State and citizens or subjects of a foreign state." While Amazon seeks confirmation of a $600 award, the amount in controversy where the defendant (here, Amazon) wins the arbitration "should be measured by the value of the award to the petitioning defendant … [which] can be achieved by looking to the underlying complaint because this is the value to the defendant of prevailing in the arbitration." *N. Am. Thought Combine v. Kelly*, 249 F. Supp. 2d 283, 285 (S.D.N.Y. 2003); *see also Wise v. Marriott Int'l, Inc.*, 2007 WL 2200704, at *4 (S.D.N.Y. July 30, 2007); *Doctor's Assocs., Inc. v. Stuart*, 11 F. Supp. 2d 221, 224 (D. Conn. 1998). Here, COD initiated its arbitration against Amazon seeking "$1,000,000 in projected sales per fiscal quarter" and "damages, including lost profits, in an amount no greater than $75,000.00." *See* Declaration of Jordan Clark ("Clark Decl.") ¶ 2, Ex. A. The value to Amazon of winning this arbitration therefore exceeds the jurisdictional minimum of $75,000.00.

5. This Court has personal jurisdiction over COD pursuant to 9 U.S.C. § 9, as the Award was made in New York, New York and COD is a New York private company with its principal place of business in Cheektowaga, New York.

6. Venue is proper under 28 U.S.C. § 1391(b)(2) and 9 U.S.C. § 9 because the Award giving rise to this Petition was issued in New York, New York.

### IV. FACTS

7. On April 26, 2017, COD filed a demand for arbitration (the "Demand") with the American Arbitration Association, entitled *Call of Deals v. Amazon*, Case No. 01-17-0002-4965. Clark Decl. ¶ 2, Ex. A.

8. Judge Billie Colombaro was duly appointed as the Arbitrator of this arbitration.

9. The Demand alleged that Amazon wrongfully suspended COD's third party seller account after Amazon received multiple customer complaints claiming that COD sold counterfeit products. *Id.*

10. Through the Demand, COD asserted a claim for breach of contract. COD sought injunctive relief to compel Amazon to reinstate COD's account as well as consequential damages. *Id.*

11. Arbitrator Colombaro held a telephonic hearing on November 7, 2017.

12. On November 28, 2017, Arbitrator Colombaro signed and issued the Award. *Id.* ¶ 3, Ex. B. Arbitrator Colombaro held that COD "failed to satisfy its burden of proof that it is entitled to reinstatement of its selling privileges … or that it is entitled to damages; thus, its claims are denied with prejudice." *Id.* Arbitrator Colombaro ordered that COD shall bear the full cost of compensating the arbitrator and "reimburse [Amazon] the sum of $600.00, representing that portion of said fees in excess of the apportioned costs previously incurred by Amazon Services." *Id.*

13. The Award has not been vacated under 9 U.S.C. § 10 or modified or corrected under 9 U.S.C. § 11. *Id.* ¶ 5.

14. Pursuant to 9 U.S.C. § 9, Amazon brings this action within one year of the Award made on November 28, 2017.

### V.   CLAIMS

#### Count I
#### (Confirmation of Arbitration Award)

15. The FAA authorizes a party to an arbitration agreement to apply for an order confirming the arbitration award "any time within one year after the award." 9 U.S.C. § 9.

3

"[T]he court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." *Id.*

16. COD has not sought to vacate, modify, or challenge the Award. Therefore, the limited statutory grounds under Sections 10 and 11 are not present here.

17. Amazon is entitled to confirmation of the Award, along with entry of judgment in conformity with the Award.[1]

Wherefore, Amazon respectfully requests that this Court:

1. Issue an Order pursuant to 9 U.S.C. § 9 confirming the Award issued by Arbitrator Colombaro on November 28, 2017;

2. Enter Judgment in favor of Amazon against COD;

3. For such other and further relief as the Court deems proper.

DATED this 20th day of March, 2018.

DAVIS WRIGHT TREMAINE LLP
Attorneys for Petitioner Amazon Services, LLC

By: */s/ Geoffrey S. Brounell*
Geoffrey S. Brounell

1251 Avenue of the Americas, 21st Floor
New York, New York 10020
Tel: (212) 489-8230
Fax: (212) 489-8340
geoffreybrounell@dwt.com

---

[1] A proposed order and judgment is submitted with this Petition.

## CERTIFICATE OF SERVICE

I, Geoffrey Brounell, hereby certify that on March 20, 2018, I caused a copy of the foregoing Petition to Confirm Arbitration Award to be served upon the defendant named below by personal service:

>Guangpu Yin
>6515 Transit Road, Suite 30
>Bowmansville, NY 14026

DATED:  March 20, 2018

>*/s/ Geoffrey S. Brounell*
>Geoffrey S. Brounell