USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/4/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMAZON SERVICES LLC,

Petitioner,

-against-

TECHFRYS CORPORATION d/b/a CALL OF DEALS,

Respondent.

18-CV-2509 (LAK) (BCM)

**REPORT AND RECOMMENDATION TO THE HONORABLE LEWIS A. KAPLAN**

**BARBARA MOSES, United States Magistrate Judge.**

Plaintiff Amazon Services LLC (Amazon) filed this action on March 20, 2018, pursuant to §§ 9 and 13 of the Federal Arbitration Act (FAA), 9 U.S.C. §§ 9, 13, seeking a judgment confirming a November 28, 2017 arbitration award (the Award) (Dkt. No. 13-6) issued in its favor. The Award denied relief to respondent Techfrys Corporation d/b/a Call of Deals (COD) and directed COD to pay $600 in costs to Amazon. On April 9, 2018, Amazon filed an Amended Petition (Dkt. No. 12), and on April 19, 2018, Your Honor referred the matter to me for report and recommendation. (Dkt. No. 19.) COD was served with process through the New York Secretary of State but failed to appear or respond.[1] For the reasons set forth below, I recommend that the Award be CONFIRMED.

## I. BACKGROUND

### A. The Parties

Petitioner is a "manager-managed Nevada limited liability company with its principal place of business in Seattle, Washington." Amend. Pet. ¶ 2. All three of its managers reside in Seattle.

[1] On March 28, 2019, petitioner served COD with a summons (Dkt. No. 8), its original Petition (Dkt. No. 1), its civil cover sheet (Dkt. No. 2), its Rule 7.1 Statement (Dkt. No. 3), the Declaration of Jordan Clark (Dkt. No. 5), and a check in the amount of $40. (Dkt. No. 16.) On April 10, 2019, after Amazon filed its Amended Petition and an amended Declaration of Jordan Clark (Dkt. No. 13), it served COD (again, through the Secretary of State) with both of those documents. (Dkt. No. 17.)

*Id.*; *see also* Amend. Clark Decl. Exs. A & B. Petitioner's sole member is Amazon Services, Inc., an Oregon corporation with its principal place of business in Oregon. Amend. Pet. ¶ 2; Amend. Clark Decl. Ex. C. Respondent is a New York corporation with its principal place of business in Bowmansville, New York. Amend. Pet. ¶ 3; Amend. Clark Decl. Ex. D.

**B. The Arbitration and the Award**

On April 26, 2017, COD filed a demand for arbitration with the American Arbitration Association (AAA). Amend. Pet. ¶ 7; Amend. Clark Decl. Ex. E. COD asserted that it owned a "storefront" on the "Amazon platform," that Amazon had suspended its selling privileges on that platform after the receipt of "inauthentic complaints," and that Amazon failed to reinstate its privileges despite its presentation of "sufficient proof of authenticity and multiple plans of action to prevent future inauthenticity issues." Amend. Clark Decl. Ex. E, at 1-2. COD further alleged that the amount in dispute was "[p]rojected sales and lost profits averaging $10,000 per day in sales, totaling approximately $1,000,000 in projected sales per fiscal quarter." *Id.* at 2. It sought reinstatement of its selling privileges and lost profits damages "in an amount no greater [sic] than $75,000.00." *Id.* COD requested a hearing at the AAA's facilities in New York, New York. *Id.* COD attached a copy of the parties' Participation Agreement, *id.* at ECF pages 4-14, which provided that (with one exception not relevant here) any disputes arising out of or relating to that agreement or COD's use of Amazon's services "will be resolved by binding arbitration" conducted by the AAA. *Id.* at ECF page 12, ¶ 18.

On November 7, 2017, the Hon. Billie Colombaro (ret.), a New York-based AAA arbitrator,[2] held a telephonic hearing at which both parties appeared, and on November 28, 2017, arbitrator Colombaro issued the Award in *Call of Deals v. Amazon*, AAA Case No. 01-17-0002-

[2] *See* www.aaamediation.org/find-mediator/mediator/1787860 (last visited June 4, 2019).

4965, concluding that COD "failed to satisfy its burden of proof that it is entitled to reinstatement of its selling privileges with [Amazon] or that it is entitled to damages." Amend. Pet. ¶¶ 11-12; Amend. Clark Decl. ¶¶ 6-8 & Ex. F. The arbitrator further ruled that COD was responsible for the administrative fees of the AAA and the compensation of the arbitrator. Amend. Clark Decl. Ex. F. Since Amazon had already paid fees in the amount of $600.00, the arbitrator directed COD to "reimburse the sum of $600.00" to Amazon. *Id.* The Award was "in full settlement of all claims and counterclaims submitted to arbitration." *Id.* It has not been vacated under 9 U.S.C. § 10 or modified or corrected under 9 U.S.C. § 11. Amend. Pet. ¶ 13; Amend. Clark Decl. ¶ 9.

## II. ANALYSIS

### A. Subject Matter Jurisdiction

The FAA "creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction." *Odeon Capital Grp., LLC v. Ackerman*, 149 F. Supp. 3d 480, 482 n.4 (S.D.N.Y. 2016) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983)). "[H]ence, there must be diversity of citizenship or some other independent basis for federal jurisdiction" before the Court can turn to the merits of Amazon's Amended Petition. *Moses H. Cone*, 460 U.S. at 25 n.32; *see also DaPuzzo v. Globalvest Mgmt. Co., L.P.*, 263 F. Supp. 2d 714, 722 (S.D.N.Y. 2003) ("[A] litigant who seeks to invoke the [FAA] must satisfy the requirements of jurisdictional amount and diversity of citizenship, or demonstrate the existence of some other independent basis of subject matter jurisdiction, before the court may validly entertain an application for any remedy authorized by the statute."). Moreover, "federal courts have a duty to inquire into their subject matter jurisdiction *sua sponte*," even where no party raises the issue. *Hermes of Paris, Inc. v. Swain*, 867 F.3d 321, 324 n.3 (2d Cir. 2017) (quoting *F5 Capital v. Pappas*, 856 F.3d 61, 75 (2d Cir. 2017)). "Accordingly, before this action proceeds to a

determination on the merits, the question of subject matter jurisdiction must be resolved." *Windward Dev., Inc. v. Thomas*, 2018 WL 2272771, at *3 (D. Conn. May 17, 2018) (finding "no discernable basis for the exercise of federal subject matter jurisdiction" over cross-petitions to confirm and vacate arbitration awards).

Amazon's original Petition invoked this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332, *see* Pet. (Dkt. No. 1) ¶ 4, but failed adequately to allege "the citizenship of one or more limited liability companies." Order dated Mar. 30, 2018 (Dkt. No. 10), at 1. Consequently, Your Honor gave Amazon until April 9, 2018, to file an amended petition "adequately alleging the existence of subject matter jurisdiction." *Id.*

For diversity purposes, an LLC "has the citizenship of its membership." *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51-52 (2d Cir. 2000) (quoting *Cosgrove v. Bartolotta,* 150 F.3d 729, 731 (7th Cir. 1998)). The Amended Petition, which was timely filed on April 9, 2018, alleges that Amazon's sole member is a citizen of Oregon, and that each of its managers is a citizen of Washington. Amend. Pet. ¶ 2; *see also* Amend. Clark Decl. Exs. A-C. Since respondent COD is a citizen of New York, Amend. Pet. ¶ 3; Amend. Clark Decl. Ex. D, there is complete diversity between the parties, as required by 28 U.S.C. § 1332(a)(1).

Petitioner has also shown that the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs," as required by § 1332(a). Although the Award directs the payment of only $600, petitioner alleges that COD sought "$1,000,000 in projected sales per quarter" in the underlying arbitration, such that "the value to the defendant of prevailing in the arbitration" exceeded the jurisdictional minimum. Amend. Pet. ¶ 4 (quoting *N. Am. Thought Combine, Inc. v. Kelly*, 249 F. Supp. 2d 283, 285 (S.D.N.Y. 2003)).

Petitioner is correct to look to the underlying arbitration demand for purposes of assessing whether the jurisdictional minimum has been met. In *Kelly*, Judge McKenna of this District reasoned that where the petitioner under the FAA was a "prevailing defendant" in the underlying arbitration, the "value" of the arbitration award, for diversity purposes, should be determined by "look[ing] to the value of the relief requested in the arbitration complaint." *Kelly*, 248 F. Supp. 2d at 286. Were the rule otherwise, *Kelly* explained, it "would effectively preclude any defendant who prevailed in an arbitration from petitioning a district court to confirm the award." *Id.* at 285 (quoting *Doctor's Assocs., Inc. v. Stuart,* 11 F. Supp. 2d 221, 224 (D. Conn. 1998)).

The *Kelly* approach has since been adopted by several other district courts within our Circuit. *See*, *e.g*., *Sierra v. Bally Total Fitness Corp.*, 2007 WL 1028937, at *3 (E.D.N.Y. Mar. 30, 2007) (where plaintiff sought $18 million in the underlying arbitration, but was wholly unsuccessful, the "value of this matter for both parties is clearly greater than zero," giving the district court subject matter jurisdiction over the parties' cross-petitions to vacate and confirm the arbitration award); *Doctor's Assocs., Inc. v. Puskaritz*, 2006 WL 1102762, at *3 (D. Conn. Apr. 26, 2006) (where plaintiff sought to confirm an arbitration award after defeating a claim for more than $1 million, the district court had subject matter jurisdiction over plaintiff's motion to confirm, notwithstanding that the award itself was for "zero dollars"); *Prasad v. MML Inv'rs Servs., Inc.*, 2004 WL 1151735, at *3 (S.D.N.Y. May 24, 2004) (citing *Kelly* and accepting jurisdiction over the parties' cross-motions to vacate and to confirm a no-liability arbitration award in favor of MML, which had been the respondent in the underlying arbitration).[3]

---

[3] In *Odeon Capital*, Judge Rakoff questioned whether the "demand approach" could be universally applied when assessing the jurisdictional minimum in a case arising under the FAA, observing that *Kelly* (and similar cases in this Circuit) did not "endorse[ ] the demand approach across the range of arbitration-related court proceedings." 149 F. Supp. 3d at 485 n.7. True enough: the *Kelly* rule applies "only where a defendant has prevailed in the arbitration. In all other situations, a court

Petitioner is also correct that COD's arbitration demand, read fairly, requested an award of more than $75,000. Although the "relief sought" portion of the demand asked for damages "no greater than" $75,000, the "amount in dispute" portion, which appears on the same page, stated that the suspension of COD's selling privileges on the Amazon platform caused COD to lose "sales and lost profits averaging $10,000 per day" and amounting to $1 million per quarter. Amend. Clark Decl. Ex. E, at 2. Although the demand was somewhat vague about how long COD's selling privileges had been suspended, I note that losses of $10,000 per day would satisfy the jurisdictional minimum in hardly more than a week. I further note that there was a gap of more than seven months – during which COD's selling privileges presumably remained suspended – between the demand and the Award. I therefore conclude that the "not greater than" language was likely a scrivener's error, and that the Amended Petition, which is entitled to a rebuttable presumption of good faith on this point, *see Adams v. Netflix, Inc.*, 726 F. App'x 76, 78 (2d Cir. 2018), plausibly alleges that the value of the relief requested in arbitration was more than $75,000. Consequently, petitioner has properly invoked this Court's subject matter jurisdiction.[4]

---

should look to the value of the award itself." *Kelly*, 249 F. Supp. 2d at 286. The case at bar presents precisely the situation for which the *Kelly* approach was intended, in that the petitioner here was the prevailing respondent in arbitration. In any event, *Odeon Capital's* discussion of the demand rule is *dicta*, because there the underlying award was in the amount of $1,102,193 – well above the minimum required by § 1332(a). *Odeon Capital*, 149 F. Supp. 3d at 481.

[4] Venue is also proper in this District. The FAA permits the filing of a petition to confirm an arbitration award in "the United States court in and for the district in which such award was made," unless the parties' agreement specifies a different venue. 9 U.S.C. § 9; *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 105 (2d Cir. 2006) (motions to confirm, vacate, or modify an arbitration award may be filed "either where the award was made or in any district proper under the general venue statute"). In this case, the parties' Participation Agreement, *see* Amend. Clark Decl. Ex. E, at ECF pages 4-14, does not contain any provisions limiting the proper venue for a petition to confirm an award. *See id.* at ECF page 12, ¶ 18. Therefore, venue is proper in this District, because the Award was made here. Amend. Pet. ¶¶ 5-6; Resp. to OSC (Dkt. No. 14) at 2. *See, e.g.*, *Nat. Cas. Co. v. Resolute Reinsurance Co.*, 2016 WL 1178779, at *2 (S.D.N.Y. Mar. 24, 2016) ("[v]enue is proper in the Southern District of New York because . . . the arbitration took place in New York City").

**B. Legal Standards**

Confirmation of an arbitration award is governed by § 9 of the FAA, which provides, in relevant part:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9.

Confirmation under § 9 is intended to be "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *D.H. Blair*, 462 F.3d at 110 (quoting *Florasynth, Inc. v. Pickholz,* 750 F.2d 171, 176 (2d Cir. 1984)). Thus, petitions brought under § 9 "will get streamlined treatment as a motion, obviating the separate contract action that would usually be necessary to enforce or tinker with an arbitral award in court." *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008). Moreover, motions to vacate, modify, or correct an award must be served within three months after the award is issued. 9 U.S.C § 12. "A failure to do so results in a waiver of the right to oppose the confirmation of an award," *Wasserman Media Grp., LLC v. Bender*, 2011 WL 1886460, at *2 (S.D.N.Y. May 16, 2011), and gives the successful party "a right to assume the award is valid and untainted." *Hernandez v. Goldfarb Properties, Inc.*, 2017 WL 1378279, at *2 (S.D.N.Y. Apr. 14, 2017) (quoting *Florasynth*, 750 F.2d at 177).

Review of arbitration awards is "very limited . . . in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *Folkways Music Publishers, Inc. v. Weiss,* 989 F.2d 108, 111 (2d Cir. 1993). "The arbitrator's rationale for an award need not be explained, and the award should be confirmed 'if a

ground for the arbitrator's decision can be inferred from the facts of the case.'" *D.H. Blair*, 462 F.3d at 110 (quoting *Barbier v. Shearson Lehman Hutton, Inc.*, 948 F.2d 117, 121 (2d Cir. 1991)). Nor must the petitioner make any showing that any other party has refused to honor the unconfirmed award. *See Ono Pharm. Co. v. Cortech, Inc.*, 2003 WL 22481379, at *3 (S.D.N.Y. Nov. 3, 2003) (rejecting the argument that it would be a "waste of judicial resources" to confirm an award where there is little risk that it will be disobeyed).

Where, as here, the petition to confirm an arbitration award is unopposed, the petition and any "accompanying record" are properly treated as "akin to a motion for summary judgment." *D.H. Blair*, 462 F.3d at 109; *see also Trustees of the New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Anthony Rivara Contracting, LLC*, 2014 WL 4369087, at *2 (S.D.N.Y. Sept. 3, 2014) (construing complaint seeking confirmation of arbitration award "as an unopposed motion for summary judgment"). Thus, notwithstanding the lack of any opposition, the court "must consider the merits of the motion." *Hernandez v. Goldfarb Properties, Inc.*, 2017 WL 1378279, at *2 (S.D.N.Y. Apr. 14, 2017) (quoting *Trustees of the UNITE HERE Nat'l Health Fund v. JY Apparels, Inc.*, 535 F. Supp. 2d 426, 428-29 (S.D.N.Y. 2008)). *See also Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004) ("Even when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law.").

### C. The Parties Implicitly Agreed to the Entry of a Federal Judgment on the Award

In this case, the parties' Participation Agreement does not expressly state that "a judgment of the court shall be entered upon the award." *See* Amend. Clark Decl. Ex. E, at ECF page 12, ¶ 18. Nor does it explicitly identify a federal forum. "Such an agreement, however, need not be express

and may be implied from the language of the arbitration agreement and the conduct of the parties." *Wasserman*, 2011 WL 1886460, at *1. In *Wasserman*, it was enough that the parties were diverse and that their arbitration agreement called for "final" and "binding" arbitration:

> The parties are properly before this Court under diversity jurisdiction and the arbitration agreement expressly states that any award should be 'final' and 'binding' upon the parties. Therefore, WMG and Bender have implicitly agreed that the award be confirmed by a federal court as required by section 9 of the FAA.

*Id.*, at *2; *see also Home Ins. Co. v. RHA/Pennsylvania Nursing Homes, Inc.*, 127 F. Supp. 2d 482, 485 (S.D.N.Y. 2001) (Kaplan, J.) (concluding that the parties "implicitly agreed to the entry of judgment on any arbitration award and that such a judgment might be sought in federal court" where the arbitration clause contained a "finality clause" and the parties were diverse, such that "they must have contracted with reference to the availability of a federal forum for enforcement of any award").

Here, as in *Wasserman* and *Home Ins. Co.*, the parties are diverse, and they agreed to resolve their disputes through "binding" arbitration. Amend. Clark Decl. Ex. E, at ECF page 12, ¶ 18. They also agreed that the arbitration would be conducted by the AAA, under its rules for consumer disputes. *Id.* Those rules, in turn, expressly state that the "[p]arties to an arbitration under these Rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof." Am. Arb. Assoc. Consumer Arbitration Rules, Rule 49(c) (available at www.adr.org/active-rules (last visited June 4, 2019)). *See Waveform Telemedia, Inc. v. Panorama Weather N. Am.*, 2007 WL 678731, at *4 (S.D.N.Y. Mar. 2, 2007) (holding that the parties "agreed that the arbitration award would be final" where, among other things, the NAM arbitration rules, which were "incorporated by reference" into their contracts, included a finality clause); *Paley Assocs., Inc. v. Universal Woolens, Inc.,* 446 F .Supp. 212, 214 (S.D.N.Y. 1978) (concluding that the parties agreed to the entry of judgment in federal

court where their arbitration agreement referenced the AAA rules, which – then as now – provided for the entry of judgment on the award in federal or state court). Accordingly, I conclude "that parties implicitly agreed to the entry of judgment on any arbitration award and that such a judgment might be sought in federal court. This Court therefore may confirm the award under the FAA." *Home Ins. Co.*, 127 F. Supp. 2d at 485.

**D. The Award Should Be Confirmed**

Amazon brought this action approximately four months after the Award was issued, well within the one-year period specified in § 9 of the FAA. Amend. Pet. ¶ 14; Amend. Clark Decl. Ex. F. The Award has not been vacated or modified, *see* Amend. Pet. ¶ 13; Amend. Clark Decl. ¶ 9, and the time within which COD could move for such relief has long passed.

Although the Award is brief, the arbitrator clearly held that COD "failed to satisfy its burden of proof that it is entitled to reinstatement of its selling privileges with [Amazon] or that it is entitled to damages." Amend. Clark Decl. Ex. F. Since "[t]he arbitrator's rationale for an award need not be explained," *D.H. Blair*, 462 F.3d at 110, this is more than sufficient. *See also Yusuf Ahmed Alghanim & Sons v.* Toys *"R" Us, Inc.*, 126 F.3d 15, 23 (2d Cir. 1997) (quoting *In re Marine Pollution Serv., Inc.,* 857 F.2d 91, 94 (2d Cir. 1988)) ("the arbitrator need only explicate his reasoning under the contract in terms that offer even a barely colorable justification for the outcome reached in order to withstand judicial scrutiny") (internal quotation marks omitted).

Moreover, there is no suggestion, anywhere in the record, that a basis for vacatur or modification exists.[5] I therefore recommend, respectfully, that the Award be confirmed and that

---

[5] Under the FAA, an arbitration award may be vacated: "(1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been

judgment be entered accordingly. *See Ins. Co. of N. Am. v. Ssangyong Eng'g & Const. Co.*, 2002 WL 377538, at *4 (S.D.N.Y. Mar. 11, 2002) ("A court is required to confirm the award unless a basis for modification or vacatur exists.").

**E. Interest**

"In general, 'an arbitration award confirmed under the FAA bears interest from the date of the award until judgment confirming it.'" *Anthony Rivara Contracting*, 2014 WL 4369087, at *4 (quoting *In re Arbitration Between Westchester Fire Ins. Co. v. Massamont Ins. Agency, Inc.*, 420 F. Supp. 2d 223, 227 (S.D.N.Y. 2005)). However, "[t]he decision whether to grant prejudgment interest in arbitration confirmations is left to the discretion of the district court." *Abondolo v. H. & M. S. Meat Corp.*, 2008 WL 2047612, at *3 (S.D.N.Y. May 12, 2008) (quoting *SEIU v. Stone Park Assocs., LLC,* 326 F. Supp. 2d 550, 555 (S.D.N.Y. 2004)).

In this case, petitioner has not requested prejudgment interest. *See* Amend. Pet. at ECF page 4; Proposed Order (Dkt. No. 12-1), at 2. Nor has it provided the Court with any basis on which to calculate the amount of interest to which it would be entitled under Washington law, which governs the parties' underlying Participation Agreement. *See* Amend. Clark Decl. Ex. F, at ECF page 12, ¶ 18; *Abondolo*, 2008 WL 2047612, at *3 (S.D.N.Y. May 12, 2008) (awarding interest at the rate of 18% in accordance with the terms of the agreement between the parties). Consequently, no prejudgment interest should be awarded.

---

prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a). An award may be modified: "(a) [w]here there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award[;] (b) [w]here the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted[; or] (c) [w]here the award is imperfect in matter of form not affecting the merits of the controversy." 9 U.S.C. § 11.

## III. CONCLUSION

For the foregoing reasons, I respectfully recommend that the Award be CONFIRMED and that the Clerk of Court be directed to enter judgment in favor of Amazon Services LLC, and against Techfrys Corporation d/b/a Call of Deals in sum of $600.00, together with post-judgment interest, at the rate provided for by 28 U.S.C. § 1961, from the date of the entry of judgment until it is paid.

Dated: New York, New York
June 4, 2019

**BARBARA MOSES**
**United States Magistrate Judge**

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

The parties shall have fourteen days from this date to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). *See also* Fed. R. Civ. P. 6(a) and (d). Any such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the Hon. Lewis A. Kaplan at 500 Pearl Street, New York, New York 10007, and to the chambers of the undersigned magistrate judge. Any request for an extension of time to file objections must be directed to Judge Kaplan. **Failure to file timely objections will result in a waiver of such objections and will preclude appellate review**. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).